UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at FRANKFORT**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 3:13-cr-21-GFVT-MAS |
| THOMAS J. WALKER, ) | |
| ) | |
| Defendant, ) | |
| ) | |

**REPORT AND RECOMMENDATION**

The Court, on referral from the District Court, makes this Report and Recommendation regarding the violations of supervised release conditions by Defendant Thomas J. Walker ("Walker"). For the reasons stated below, the Court believes Walker's term of supervision should be revoked, and he should be sentenced to a term of imprisonment of 10 months with 48 months of supervised release to follow.

**I.    CASE BACKGROUND**

On December 10, 2013, Walker pleaded guilty to one count of conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. [DE 18]. United States District Judge Gregory Van Tatenhove sentenced Walker to 60 months imprisonment with five years of supervised release to follow. [DE 28].

**II.    SUPERVISED RELEASE HISTORY**

Walker began his original term of supervised release on October 14, 2016. Six months later, he was indicted in Ohio state carfentanil trafficking, and as a result, his term of supervision was revoked on June 22, 2017. The Court sentenced him to 21 months of imprisonment and

1

reimposed a five-year term of supervision. [DE 38 and 40]. Walker began his current term of supervised release on October 30, 2018.

On November 6, 2020, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("the Report") charging Walker with several violations of his supervised release. Specifically, the Report alleged the following three violations: (1) Walker punched the mother of his child and shattered her cell phone; (2) those actions were a violation of a Temporary Restraining Order ("TRO"); and (3) that he did not following the instructions of his probation officer when he failed to appear in court on November 4, 2020, and failed to surrender on November 5, 2020, as she instructed. These are all Grade C violations.

The Report also outlined additional concerning details about Walker's conduct, as follows:

> This officer viewed [Walker's] Facebook page and found that Mr. Walker posted portions of his live telephone conversation with this officer, as well as the government telephone number visible to all viewers.
>
> Upon further observation of his Facebook page, this officer observed that Mr. Walker had been posting videos and messages of a threatening nature. This officer noted several videos of him approaching and taunting the victim in the above noted cases both inside and outside of the courthouse on November 4, 2020. Furthermore, this officer observed messages on his Facebook page indicating that the victim is causing him to leave town. He made statements that he will cause harm by his hands or "stick" to someone's brother and lastly, he stated anyone that made a post about him on social media he plans to pull up and "nail" them.

[The Report, p. 3].

USPO provided an addendum to the Report on August 30, 2021, outlining a fourth violation relating to Walker's continued non-compliance. Walker was summoned to appear before the undersigned on December 28, 2020. He failed to appear and a warrant was issued. USPO informed Walker of the warrant, but he failed to resolve the warrant or maintain contact with his probation officer for the following seven months. Walker was finally arrested on July 9, 2021.

Ultimately, the Ohio state assault charges were dismissed, and Walker served 45 days for violating the TRO.  Walker appeared on the instant allegations for an initial appearance on August 17, 2021, pursuant to FED. R. CRIM. P. 40 in the Southern District of Ohio.  [DE 57].  At the hearing the Court advised Walker of his constitutional rights, including his right to a preliminary hearing and detention hearing.  Walker competently, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing and a detention hearing.  [DE 57].

At the final hearing, the Court found Walker competent to enter a knowing, voluntary, and intelligent stipulation to Violations 2, 3, and 4 of the Report.  At the hearing the United States moved to dismiss Violation 1 of the Report, which the Court granted.  For the purposes of the Rule 32.1 proceedings, Walker admitted the factual basis for Violations 2, 3, and 4 as described in the Report.  Accordingly, the Court finds the United States established the violation pursuant to 18 U.S.C. § 3583(e).  [DE 63].

The parties agree the United States Sentencing Guidelines ("the Guidelines") propose a sentence of 5 to 11 months, based on the Grade C violation and Walker's Criminal History Category of III as determined at the time of sentencing.  The parties further agree that regardless of the Guidelines, the maximum term of imprisonment the Court can impose upon revocation is three years, pursuant to 18 U.S.C. § 3583(e)(3).  Should the Court revoke Walker's supervised release, the Court is not limited to the length of supervision it may reimpose.  *See* 18 U.S.C. § 3583(h).

The United States argued for a sentence near the middle of the Guidelines range, suggesting eight months. Walker requested that the Court impose weekend confinement or electronic monitoring in lieu of revocation with a term of imprisonment so that Walker may continue his employment.  Walker chose to exercise his right to allocution at the hearing.  He also submitted a

3

letter to the Court. [DE62]. He accepted responsibility and apologized for his conduct leading to the supervised release violations. Walker expressed desire to continue working and helping the community through the moving business his owns and operates.

### III.    ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Walker's violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e). In recommending a sentence, the Court must consider the nature and circumstances of Walker's original conviction, the statutory factors in 18 U.S.C. § 3553 incorporated into § 3583, the Guidelines, and the statutory maximum term of imprisonment. *See United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011).

The first factor to consider is the nature and circumstances of the original offense. Walker pleaded guilty to Count One in the Indictment charging him with conspiracy to distribute 100 grams or more of heroin. The conviction arose from two controlled heroin buys between Walker and a confidential informant. This crime is serious and poses a risk of danger to the community at large.

The next § 3553 factor to consider is the history and characteristics of the defendant. The Court record and presentence investigation report reflects a young man who, as he noted during allocution, has spent most of his adult life incarcerated. He has a history of drug and firearm convictions, absconding, probation violations, fleeing and evading, and domestic violence. [Presentence Investigation Report, p. 5-10]. He violated his original term of supervised release within a few months by trafficking in carfentanyl. Based on his past record and the current violations, the Court has grave concerns that Walker has still not reformed his criminal conduct.

The remaining factors address how to determine what sentence is appropriate in length and type of sentence considering the specific circumstances at bar and the need to avoid unwarranted

4

sentence disparities.  18 U.S.C. § 3553(a)(2)-(6).  Walker's original offense of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 was a Class B Felony.  With an offense level 23 and a Criminal History Category of III, his Guidelines range at the time of sentencing was 57 to 71 months imprisonment.  21 U.S.C. § 846 has a statutory minimum of 5 years, thus the Guidelines range was effectively 60 to 71 months. The Guidelines range of supervised release for a Class B Felony was two to five years, but the statutory minimum was four years.  Walker was sentenced to 60 months imprisonment, which was the statutory minimum, and five years supervised release, which was the high end of the Guidelines range.  [DE 28].

The Court does not agree with the United States or Walker's sentencing recommendations because both are too lenient to address the seriousness of the conduct at issue.  Walker's violations evince a total disregard for the law and his conditions of supervised release.  Worse yet, the Court previously revoked Walker's term of supervised release and sentenced him to 21 months imprisonment, and he still has not changed his behavior to conform with requirements of state law and his conditions of release.  The Court is sympathetic to the fact that Walker now feels his life is "back on track" and has been helping members of the community—though the Court would point out that much of the time Walker describes as being "back on track" he has been dodging multiple federal and state warrants and posting threatening messages about his probation officer on the Internet.  This is an indication he sought to avoid criminal liability for his actions, not accept the consequences and move forward in his life.

There must be a deterrent imposed to reprimand Walker's behavior, deter future violations of his supervised release, and motivate behavioral change.  18 U.S.C. § 3553(b) ("to afford adequate deterrence to criminal conduct").  A sentence of 10 months imprisonment with 48 months

5

of supervision to follow is sufficient but not greater than necessary to punish Walker's past conduct and deter future misconduct.

### IV.    CONCLUSION

Accordingly, for the reasons stated herein, the Court RECOMMENDS:

(1)    Walker be found guilty of all violations;

(2)    Revocation with a term of incarceration of ten (10) months; and

(3)    A forty-eight (48) month term of supervision to follow.

Walker preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). The parties agreed to an abbreviated objection period. Within three (3) days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 14th day of September, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge