UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-cr-00021-GFVT-MAS |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| THOMAS J. WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

**** **** **** ****

**I**

**A**

This matter is before the Court on the Report and Recommendation filed by United States

Magistrate Judge Matthew A. Stinnett [R. 64]. Defendant Thomas J. Walker has been charged

with violations of his supervised release. On April 18, 2014, Mr. Walker was sentenced to sixty

months of imprisonment, to be followed by five years of supervised release, after pleading guilty

to conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846 [R. 28.]

Mr. Walker's original term of supervised release began on October 14, 2016. [R. 64 at 1.] In

June 2017, however, his term of supervision was revoked upon being indicted for carfentanyl

trafficking. *Id.* The Court then sentenced him to twenty-one months imprisonment and

reimposed a five-year term of supervision. [R. 41.] Mr. Walker's current term of supervised

release began on October 30, 2018. [R. 64 at 2.]

Now, Mr. Walker has been charged with violating three terms of his supervised release.

*Id.* First, Mr. Walker is charged with committing a Grade C violation for punching the mother of

his child and shattering her cell phone. *Id.* Second, Mr. Walker is charged with committing a

Grade C violation for violating a Temporary Restraining Order.  *Id.*  Third, Mr. Walker is charged with committing a Grade C violation for failing to follow the instructions of his probation officer by failing to appear in court and failing to surrender.  *Id.*  On August 26, 2021, Mr. Walker appeared before Judge Stinnett for his initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 59.]  Because Mr. Walker had already appeared in the Southern District of Ohio prior to appearing before Judge Stinnett, the issue of interim detention was not addressed at his August 26 hearing.  *Id.*  On September 7, Mr. Walker appeared before Judge Stinnett for his final revocation hearing.  [R. 63.]  There, Mr. Walker stipulated to Violations 2, 3, and 4. [R. 64 at 3.]  The Magistrate Judge found Mr. Walker to have made his stipulation "knowingly, voluntarily, and intelligently."  *Id.*  In response, the United States moved to dismiss Violation 1.  *Id.*

At the final hearing, the "parties agree[d] the United States Sentencing Guidelines propose a sentence of 5 to 11 months […]."  *Id.*  The United States argued for a "sentence near to middle of the Guidelines range" and Mr. Walker requested "weekend confinement or electronic monitoring in lieu of revocation with a term of imprisonment" so that he could continue his employment.  *Id.*  Mr. Walker also "accepted responsibility and apologized for his conduct leading to the supervised release violations."  *Id.* at 4.  After hearing both arguments, Judge Stinnett evaluated the entire record and considered the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines Range.  Because of the seriousness of Mr. Walker's criminal history and current violations, Judge Stinnett ultimately recommended a sentence of ten months imprisonment, to be followed by forty-eight months of supervised release.  [R. 64 at 5-6.]  Though the Magistrate Judge indicated that he was "sympathetic to the fact that Walker now feels his life is 'back on track' and has been helping members of the

2

community,' he indicated that this sympathy was mitigated because most of Mr. Walkers recent successes occurred during a period of time in which he had "been dodging multiple federal and state warrants […]." *Id.* at 5.

**B**

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Walker made a timely objection to the Recommendation. [R. 64.] Moreover, because Mr. Walker also preserved his right to allocate before the District Court, an allocution hearing was held on September 23, 2021. [R. 68.] In both his objection and at his allocution hearing, Mr. Walker explained that he agrees with the Magistrate Judge's finding that he is guilty of all violations and that revocation is appropriate but objects to the Judge's sentencing recommendation. [R. 66 at 1.] Mr. Walker's objection is sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the motions, briefing, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For

the following reasons, Defendant's objection will be **GRANTED** and **DENIED IN PART**.

## II

Mr. Walker objects to the Magistrate Judge's recommendation that he be sentenced to a term of imprisonment of ten months with a forty-eight-month term of supervision to follow.  [R. 66 at 1.]  In support of his request, Mr. Walker cites to the Section 3553 factors and argues that a sentence of eight months imprisonment with thirty-six months of supervised release is sufficient, but not greater than necessary, to be deemed compliant.  *Id.* at 2-4.  Moreover, at his allocution hearing, Mr. Walker argued that he has made great strides to improve his life and has founded a company to provide income for himself and his family.  Mr. Walker indicated that a period of ten-months would be detrimental to the success of his company, but a period of eight months of incarceration would allow its survival.  [R. 68.]  Upon review, and after discussing programmatic options with the United States Probation Office of the Southern District of Ohio, where Mr. Walker is supervised, the Court agrees that a period of ten months of incarceration is not necessary in this matter and that a period of eight months incarceration is sufficient, but not greater than necessary, to accomplish the goals of Section 3553.  The Court does conclude, however, that Mr. Walker requires a term of supervised release of forty-eight months to ensure that he continues to make strides in a positive direction.

## III

Accordingly, after reviewing *de novo* the portions of the Record pertaining to this supervised release, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant's Objection [R. 66] to the Magistrate Judge's Report and Recommendation [R. 64] is **GRANTED IN PART** and **DENIED IN PART**;

2.  The Magistrate Judge's Report and Recommendation [R. 64] is **ADOPTED** as and for the Opinion of the Court, aside from its recommended judgment;

3.  Defendant Walker is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the U.S. Probation Office and the Recommended Disposition of the Magistrate Judge;

4.  Defendant Walker's supervised release is **REVOKED**;

5.  Defendant Walker is **SENTENCED** to the custody of the Bureau of Prisons for a term of eight months with forty-eight months of supervised release to follow;

6.  The United States Probation Office of the Southern District of Ohio **SHALL** interview Mr. Walker for its Re-Entry Court Program after his term of incarceration concludes.

This the 29th day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge